IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PAUL BRUMSFIELD,

    Plaintiff,

v.                                    Civil Action No. 3:13cv87
                                    (Judge Groh)

DAVID PROCTOR, Doctor;
TRISTAN TENNEY, Health Service
Administrator; and WEXFORD
HEALTH SOURCES, INC.,

    Defendants.

## ORDER OF DISMISSAL

On this day, the above-styled matter came before the Court for consideration of the civil rights complaint pursuant to 42 U.S.C. §1983, filed by plaintiff, an inmate incarcerated at the Huttonsville Correctional Center ("HCC") in Huttonsville, West Virginia.

A review of the file shows that plaintiff initiated this case on July 29, 2013.[1] That same day, pursuant to a Notice of Deficient Pleading, the Clerk directed the plaintiff to file his complaint on a court-approved form, and either pay a filing fee of $400.00 or file an application to proceed *in forma pauperis* ("IFP"), a signed Consent to Collection, and a copy of his Prison Trust Account with its ledger sheets, so that the Court could appropriately assess his ability to proceed as a pauper. The plaintiff was further advised that he had until August 19, 2013, to

---

[1] The plaintiff initially attempted to file this complaint on April 8, 2103, as a proposed amended complaint, attached to a motion to amend and his objections to the March 18, 2013 Report and Recommendation issued in a previous §1983 action, filed on September 7, 2012 in this district (See 2:12cv65). That motion was titled Plaintiff's Consolidated Objections to the Magistrate's Report and Recommendation Dated March 18, 2013, and Motion to Amend Complaint.
    On April 16, 2013, an Order Adopting March 18, 2013 Report and Recommendation was entered in that case, denying the Motion to Amend. Plaintiff then re-filed the "proposed amended complaint" on July 29, 2013, as the complaint in the instant civil action, along with a cover letter to the clerk, stating "I would like to inform you that I have already paid the filing fee for this complaint on September 12, 2012." (Dkt.# 1-2). The docket for Case No. 2:12cv65 indicates that on September 12, 2012, the plaintiff paid the full filing fee without filing a motion to proceed *in forma pauperis*. (Dkt.# 5).

comply or risk dismissal of his case. The plaintiff did not respond to the deficiency notice, request an extension of time to do so, or otherwise ever explain his failure to comply. The docket reflects that the return receipt showing delivery of the deficiency notice was dated July 31, 2013. Accordingly, on August 26, 2013, a Show Cause Order was issued, advising the plaintiff that he had fourteen days, or until September 9, 2013, in which to explain why his case should not be dismissed for the failure to prosecute. Plaintiff was advised that the failure to do so in the allotted time could result in the dismissal of his case. The docket reflects that the return receipt showing delivery of the Show Cause Order was dated August 28, 2013.

Though over six weeks has passed since the date on which the plaintiff was originally ordered to either pay his filing fee or submit his application to proceed as a pauper[2] and file his complaint on a court-approved form, the plaintiff has not done so, nor has he offered any explanation to the Court for his failure to do so.

Accordingly, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, it is ORDERED that the complaint (Dkt.# 1) is hereby **DENIED** and **DISMISSED without prejudice** for failure to prosecute, and also pursuant to 28 U.S.C. §1915(g). See Dupree v.

---

[2] However, because plaintiff is not entitled to proceed *in forma pauperis* under 28 U.S.C. § 1915(g), there is no need to wait for receipt of those forms.

The Prison Litigation Reform Act of 1996 ("PLRA") has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A PACER review of the plaintiff's filings as of August 26, 2013, reveals that he has filed twelve §1983 actions since 1985, of which at least three have been dismissed for being frivolous or for failure to state a claim upon which relief can be granted. Thus, based on the strikes the petitioner has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury." Plaintiff's complaint alleges that the defendants exhibit deliberate indifference to his serious medical needs, for their failure to properly treat his back pain and Hepatitis C. Clearly then, he makes no allegations that he is under imminent danger of serious physical injury.

Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002)("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit."). It is further ORDERED that this civil action be STRICKEN from the active docket of this Court.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: September 10, 2013

/s/ *[signature]*
GINA GROH
UNITED STATES DISTRICT JUDGE